52,553-06

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk



ARREST REPORT

Exhibit A

# Incident Report
## SCHERTZ POLICE DEPARTMENT

**Incident #200027098**                                          **CFS #200027098**

## Administrative:

Date Reported: 12/20/2000

Location Address: **1029 VALLEY FORGE**

Location:

Occurance From: 12/20/2000  @ 21:30  To: 12/20/2000  @ 21:46

Status Date: 12/20/2000                   Status: CA

Type: 21                    Description: DRUG /NARCOTIC OFFENSE

CFS#: 200027098

District:          Beat:          Grid:

Day of Week: WED

---

Reportee: ****** Information Has Been Restricted ******          Address:

Race: W                    Sex: M

DOB:                       Age: 35

Home Phone:                          Work Phone:

Mobile Phone:

---

Source of Call: OFFICER INITIATED    Time Received: 21:30    Time Dispatched: 21:30    Time Arrived: 21:30    Time Cleared: 22:02

Reporting Officer 1 ID: 3410     Name: HARDCASTLE, ROBERT KEITH

Reporting Officer 2 ID: 3604     Name: RISTOW, HAROLD J

Investigating Officer ID:        Name:

Entered By:   BCONV             Entered Date: 05/16/2002

## Offense:

Offense: POSSESSION MARIJ < 2OZ HSC MB

UCR Code:              IBR Code: 35A              CJIS Arrest Code: 3562 0008

### Offense M.O.

Type of Location: RESIDENCE / HOME

Point of Entry:

Method of Entry:

Family Violence: No

Entered By:   BCONV

Offense Note:

Forced: No

Offender Used: Drugs

Bias Motivation: ANTI-NONE

Weapons Involved:

Entered Date: 05/16/2002

## Arrest:

Page   1   of   3

09/06/2007 17:05

Arrest#: **00544**  Date Arrested: 12/20/2000  Time Arrested: 21:46  Cell No:  Date Released: 12/21/2000

Name: **KOLBERG, JOHN DAVID**  Address: 1029 VALLEY FORGE

Race: W  Sex: M  SCHERTZ, TX 78154

DOB: 05/19/1964  Age: 36  0  Home Phone: ( ) -  Work Phone:( ) -

Juvenile: N  Caution:  Mobile Phone: ( ) -

DL#: 10845977  DL State: TX  DL Type: C  Employer: TONY REYES  Occupation: FLOOR MACH

---

Arrest Location: 1029 VALLEY FORGE  City:  District: 2

Agency: SCHERTZ POLICE DEPARTMENT

---

Arresting Officer: 3410  HARDCASTLE, ROBERT KEITH

Booking Officer: 3410  HARDCASTLE, ROBERT KEITH

Transfer Officer: 3410  HARDCASTLE, ROBERT KEITH

Entered By: BCONV  Entered Date: 05/16/2002

---

**Charge(s):**

POSSESSION MARIJ < 2OZ  UCR:  IBR: 35A  Incident#: 200027098

Charge Note:

WARRANT ARREST OUTSIDE AGENCY  UCR:  IBR: 99Z  Incident#: 200027098

Charge Note:

Arrest Narrative:

---

## Narrative:

On 12-20-2000 at 2130hrs I R. Hardcastle #3410 along with officer H. Ristow went to 1029 Valley Forge, Schertz, Guadalupe County, Texas, for a warrant service.

Upon arrival I knocked on the front door to the residence. A female subject opened the door and I immediately detected the strong odor of burnt marijuana emitting from inside the residence. I asked the female subject if J. Kolberg was home, she stated yes and went and got him. J. Kolberg then came to the front door. I asked him to step outside and place his hands behind back at which point he was handcuffed behind the back. I advised J. Kolberg that he was under arrest for confirmed misdemeanor warrants out of Comal County S.O.

After J. Kolberg was handcuffed he mumbled something at the female subject then turned the right side of is body towards her. The female subject then ran up and put her right hand in J. Kolberg's front right pocket. The female then quickly removed her hand which contained car keys and a small plastic baggie. Officer H. Ristow then ordered the female subject to let him see what was in her right hand. The female subject then turned away from myself and officer H. Ristow and attempted to conceal her right hand inside to open front door to the residence. Officer H. Ristow then grabbed her hand and retrieved a plastic baggie containing a green leafy substance (alleged marijuana). I asked J. Kolberg why he allowed the female subject to remove the alleged marijuana from his pocket and he stated "I didn't want another charge besides the warrant".

J. Kolberg was then transported to Schertz P.D. for processing. The alleged marijuana was weighed in at 6 grams and logged and tagged as evidence and placed in secondary evidence locker #12. When checked through dispatch J. Kolberg showed to have a confirmed warrant for Terroristic Threat-State Offenses #10507 from Emory S.O. Rains County. Comal County S.O. advised dispatch

that they would not take J. Kolberg since he had warrants on a state offense from Emory S.O. J. Kolberg was later transported and booked into Guadalupe County Jail for Possession of Marijuana 0 to 2 oz and warrant #10507 for Terroristic Threats. See related case #200027099.

## Reporting Officer Signature:

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

# Exhibit - B

Sentence and Judgment Order

No. 01-1045-CR



THE STATE OF TEXAS

VS.

~~████████████~~

IN THE DISTRICT COURT OF

GUADALUPE COUNTY, TEXAS

25TH JUDICIAL DISTRICT

## NUNC PRO TUNC
## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE
## WAIVER OF JURY TRIAL

JUDGE PRESIDING: HON. DWIGHT E. PESCHEL

DATE OF JUDGMENT: FEBRUARY 13, 2002

ATTORNEY
FOR STATE: MINERVA TORRES

ATTORNEY
FOR DEFENDANT: RICHARD LANGLOIS

PENAL CODE: SECTION 22.021

OFFENSE
CONVICTED OF: COUNT I, III, IV, V, VI
AGGRAVATED SEXUAL ASSAULT

DEGREE: FIRST

DATE OFFENSE
COMMITTED: DECEMBER 26, 1999, APRIL
30,2000, APRIL 30, 2000,
MAY 20, 2000, MAY 30, 2000

PENAL CODE: SECTION 21.11

OFFENSE
CONVICTED OF: COUNT II
INDECENCY WITH A CHILD

DEGREE: SECOND

DATE OFFENSE
COMMITTED: DECEMBER 26, 1999

PENAL CODE: SECTION 22.02

OFFENSE
CONVICTED OF: COUNT VII, VIII, IX
SEXUAL ASSAULT

DEGREE: SECOND

DATE OFFENSE
COMMITTED: JANUARY 30, 2001, MARCH
30,2000, APRIL 20, 2001

CHARGING
INSTRUMENT: Indictment/XXXXXXXXXX

PLEA
GUILTY/XXXXXXXXXXXXXXX

TERM OF PLEA
BARGAIN (IN DETAIL): CAP TWENTY (20)YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

PLEA TO ENHANCEMENT
PARAGRAPH (S) : NONE

FINDINGS ON
ENHANCEMENT: NONE

FINDINGS ON USE
OF DEADLY WEAPON : N/A

TIME CREDITED: 308 days

DATE SENTENCE
IMPOSED : FEBRUARY 13, 2002

COSTS: 272.25

PUNISHMENT AND
PLACE OF CONFINEMENT: 20 YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION
OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

DATE TO COMMENCE: FEBRUARY 13, 2002

FINE: WAIVED:

TOTAL AMOUNT OF
RESTITUTION/REPARATION:

CONCURRENT UNLESS OTHERWISE SPECIFIED.

The Defendant having been indicted in the above entitled and numbered cause for the

**MINUTES RECORDED IN
MASTER SCAN INDEX**

383992

-C-2

52 ID #383992



felony offense shown above and this cause being this day called for trial, the above appeared in person and by counsel as named above, and both parties announced ready for trial. The Defendant, in person, in writing and in open court, waived his right to trial by jury, pleaded as indicted above to the charged contained in the indictment. Thereupon, the range of punishment for the offense was explained to the Defendant, and the Defendant was admonished by the Court of the consequences of the said plea; and it plainly appearing to the Court that the Defendant was mentally competent and sane and that the Defendant is not influenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting his plea, and that the plea is free and voluntary, the said plea was accepted by the Court and is here entered of record upon the minutes. The Court, having heard the evidence submitted, and the argument of the counsel thereon, found the Defendant guilty of the offense indicated above, a felony, and assessed the punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above.

It is **THEREFORE CONSIDERED, ORDERED,** and **ADJUDGED** by the Court that the Defendant is guilty of the offense indicated above, a felony, and that the said Defendant committed the said offense on the date indicated above, and that he be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue.

**THEREUPON,** on the date of sentence indicated above, the Defendant was asked by the Court whether Defendant had anything to say why sentence should not be pronounced against Defendant and Defendant answered nothing in bar thereof, whereupon the Court proceeded in the presence of the said Defendant and Defendant's attorney to pronounce sentence against Defendant as follows:

It is **ORDERED, ADJUDGED** and **DECREED** by the Court that the Defendant, who has been adjudged to be guilty of the offense indicated above, a felony, is hereby sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above and be fined the sum indicated above that Defendant be delivered by the Sheriff of the above named County and State, or the authorized agent of the State of Texas, to the Director of Institutional Division of the Texas Department of Criminal Justice of the State of Texas, and said Defendant shall be confined in the said Institutional Division of the Texas Department of Criminal Justice for the period indicated above in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice.

The Court also made the findings as indicated above concerning the allegations of prior felony convictions against Defendant to which Defendant has pleaded as indicated above.

The Court also made the affirmative findings as indicated above concerning the use or exhibition of a deadly weapon during the commission of the offense indicated above or during the immediate flight therefrom and whether the deadly weapon was a firearm.

It is further **ORDERED, ADJUDGED,** and **DECREED** that the said Defendant be credited on this sentence with the number of days as indicated above, on account of his confinement in jail since his arrest and prior to pronouncement of this sentence.

It is further **ORDERED, ADJUDGED** and **DECREED,** that as a condition of any parole that Defendant pay restitution and reparation to the victim(s) of Defendant's crime as indicated above.

It is further **ORDERED, ADJUDGED** and **DECREED,** that the punishment under the sentence herein imposed shall begin when the Judgment and Sentence in the above indicated cause against the Defendant shall have ceased to operate.

And, the said Defendant is hereby remanded to jail until said Sheriff can obey the directions of this sentence.

53

# Exhibit - C

Trial Transcript

Guadalupe County for safekeeping until such time as you can be transported to the Institutional Division to begin service of your sentence.

You will receive credit for any and all time that you've been in custody either here or Guadalupe County for these offenses or any jurisdiction and a detainer and hold had been placed upon you by Guadalupe County for these offenses.

You have a right to appeal. You have a right to file a Motion for New Trial. Even though you have those rights, those rights are very limited.

It doesn't appear there were any pretrial motions heard prior to trial?

MR. LANGLOIS: No, there were not.

THE COURT: So there's no grounds for appeal there. I've stayed within the range of the plea bargain, which means you'd have to get my permission to appeal. I wouldn't grant it. And in the plea papers that you signed, you gave up your right to file a Motion for New Trial and right to appeal. So with the exception of possibly jurisdictional issues and maybe an 1107 Writ about the voluntariness of your plea, I don't think you've got any grounds to appeal.

So do you have any questions?

THE DEFENDANT: No, I guess not.

THE COURT: Okay. Thank you.

MS. TORRES: The victim's grandmother would like

# Exhibit - D

TDCJ-ID Calculate Time Sheet

Exhibit "D"

KOLBERG,JOHN DAVID         TDC:01139681 SID:02935802 UNIT: ST
                                  HOUSING/BED:      4D11    B03

```
*PRJ-REL-DATE:        04 20 2021    MAX-EXP-DATE:      04 20 2021
*INMATE STATUS:       S3 W          MAX TERM:          20 00 00


  FLAT  TIME CREDITED:   13 10 29    CALC BEGIN DATE:   04 20 2001
  GOOD  TIME CREDITED:   12 02 03    TDC RECEIVE DATE:  01 10 2003
  BONUS TIME CREDITED:    0 00 00    GOOD TIME LOST:            0
  WORK  TIME CREDITED:    6 11 13    WORK TIME LOST:            0
 *TOTAL TIME CREDITED:   33 00 21


*STATUS EFFECT  DATE: 03 16 2015    JAIL GOOD TIME RECEIVED: YES

DEC:            QCC:

STAT CHG: S3/03 16 2015
```

*TIME CALCULATIONS DO NOT INCLUDE ABSENCES FOR CURRENT MONTH
PAROLE DATA: SUBMITTED FOR BOARD REVIEW
CHANGE TO: STATUS/